UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | Case No. 1:21-cv-00339-HBK |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| M. ATTCHLEY, | (Doc. No. 14) |
| Respondent. | |

Before the court is petitioner's motion to appoint counsel. (Doc. No. 14). Petitioner filed a *pro se* petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1). After conducting a preliminary review under Rule 4, the court directed respondent to respond to the petition. (Doc. No. 12). Respondent's response is not yet due. Petitioner requests that the court appoint counsel to represent him in this case because he lacks the knowledge necessary to litigate his case, that the facts of his case are complex, and that he is indigent. (Doc. No. 14 at 2).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2254 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Moreover, the Rules Governing Section 2254 Cases in the United

1

States District Courts require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

As noted *supra*, respondent has not yet responded to the petition. Based upon review of the record, the court finds petitioner has not demonstrated that appointment of counsel is necessary at this stage of these proceedings. The court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations. Further, petitioner was able to file his habeas petition without the aid of counsel, and the court finds that the claims raised therein do not appear to be complex.

Accordingly, petitioner's motion for appointment of counsel (Doc. No. 14) is **DENIED without prejudice**. Provided petitioner meets the criteria set forth in 18 U.S.C. § 3006A, the court will consider appointing counsel to represent petitioner if the court later finds good cause to permit discovery or if the court decides that an evidentiary hearing is warranted in this matter.

IT IS SO ORDERED.

Dated:   April 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE