UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., <br><br> Petitioner, <br><br> v. <br><br> M. ATTCHLEY, <br><br> Respondent. | Case No. 1:21-cv-00339-JLT-HBK <br><br> ORDER DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL <br><br> (Doc. No. 26) |

Before the Court is Petitioner's motion for appointment of counsel. (Doc. No. 26). Petitioner filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). Respondent filed an answer to the petition on June 8, 2021, and Petitioner filed a traverse on July 2, 2021. (Doc. Nos. 20, 23). Petitioner argues that appointment of counsel is appropriate because he cannot afford a lawyer, the issues in the case are complex, his "imprisonment will greatly limit his ability to litigate this case," and he needs assistance of counsel to amend his petition. (Doc. No. 26).

There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this Court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v.*

*Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States District Courts* require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary.  Petitioner was able to file his habeas petition and his traverse without the aid of counsel, and the Court finds that the claims raised therein do not appear to be complex.  Further, the Court does not find the circumstances of this case indicate that appointed counsel is necessary to prevent due process violations.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 26) is **DENIED.**

Dated:   June 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE