UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, JR., | Case No. 1:21-cv-00339-JLT-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE[1] |
| v. | |
| M. ATTCHLEY, WARDEN, | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. No. 28) |

Petitioner Lonnie Lee Poslof, Jr. ("Petitioner"), a state prisoner proceeding pro se, is proceeding on a writ of habeas corpus filed under 28 U.S.C. § 2254 docketed on February 5, 2021. (Doc. No. 1, "Petition"). Before the Court is Petitioner's motion for a stay and abeyance filed October 11, 2024. (Doc. No. 28, "Motion"). On November 1, 2024, Respondent filed an opposition to Petitioner's Motion and lodged documents in support. (Doc. Nos. 29, 30). Petitioner did not file a reply, but instead filed a Motion for Dismiss under Federal Rules of Civil Procedure 41(b). (Doc. No. 31). For the reasons set forth more fully below, the undersigned

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

recommends denying Petitioner's Motion.

## BACKGROUND

The Petition raises the following (restated) grounds for relief:

> (1) Petitioner's Sixth Amendment right to confront and meaningful examine the child victim was violated because she testified remotely, was not visible on the screen, failed to answer questions, and the jury was unable to observe the support person who was in the room and influencing the victim's testimony;
>
> (2) Petitioner's due process rights were violated because the victim's support person coached her and provided her a script during trial;
>
> (3) Petitioner's Sixth Amendment rights were violated because the victim's statements to her mother and Detective Rios were admitted;
>
> (4) The trial court erred in admitting a letter he wrote in jail;
>
> (5) The trial court erred by imposing a restitution fine without considering Petitioner's ability to pay;
>
> (6) Habeas relief is warranted because there is a split of authority between the California Courts of Appeals as to whether an objection is required to preserve a claim.

(*See generally* Doc. No. 1). On June 8, 2021, Respondent filed an answer to the Petition and lodged relevant state court documents. (Doc. Nos. 20-21). On July 2, 2021, Petitioner filed a traverse. (Doc. No. 23). Now, more than three years after he filed his reply, Petitioner filed the instant motion for stay and abeyance under *Kelly v. Small*, 315 F.3d 1063 (9th Cir 2002). Petitioner seeks a stay this action pending final judgment on his recent filed habeas corpus petition filed in the Merced County Superior Court, so he may raise these additional claims once they are fully exhausted. (Doc. No. 28). Petitioner refers the Court to "Exhibit A" as "certified copies of the pleadings" in the Merced Superior Court action. (*Id*. at 2, ¶1). There are no exhibits, including an "Exhibit A" to the motion. In opposition, Respondent argues that because any new claims would be time-barred and do not appear to relate back to exhausted claims alleged in the operative Petition, the motion to stay should be denied as futile. (Doc. No. 29). Notably, none of the above grounds are claimed to be unexhausted. Rather Petitioner seeks to

add new grounds not enumerated above. Thus, the Petition is not a mixed petition.[2]

## APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). Petitioner acknowledges he has not exhausted his state remedies with regards to his new claims. Under *Kelly*, a petitioner is only able to amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. *See King*, 564 F.3d at 1140-41. Once the additional claims have been exhausted, the petitioner may then amend his federal habeas petition, adding them to the original petition. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir.) (discussing procedure). Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, *see* 28 U.S.C. § 2244(d)[3] or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. *See King*, 564 F.3d at 1143; *Mayle v. Felix*, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. *See Mayle*, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. *Id*.

Petitioner makes several arguments ostensibly in support of his request for "abstention under the *Kelly* Procedure." (Doc. No. 28 at 1-2). First, Petitioner cites the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 44 (1971). (*Id*. at 2-3). However, *Younger* is inapplicable as it only applies when a petitioner's conviction is not yet final; here, Petitioner's conviction has been final for more than three years. Second, to the extent Petitioner argues this Court does not have subject matter jurisdiction pursuant to *Rooker-Feldman* (*Id*. at 3-4), he is

---

[2] Petitioner correctly seeks a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) instead of a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). "*Rhines* applies to stays of mixed petitions (i.e., petitions asserting both exhausted and unexhausted claims), whereas the *Kelly* three-step procedure applies to stays of fully exhausted petitions." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005).
[3] Generally, federal habeas claims are timely when filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

mistaken. "[I]t is well settled that the *Rooker-Feldman* doctrine is inapplicable to cases seeking habeas corpus relief." *Gouveia v. Espinda*, 2017 WL 3687309, at *6 (D. Haw. Aug. 25, 2017) (citing *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) ("It is well-settled that the *Rooker-Feldman* doctrine does not touch the writ of habeas corpus.")); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). Rather, habeas law was contemplated by Congress specifically for the purpose of permitting collateral review of state court criminal judgments. *In re Gruntz*, *Id*.

### The Claims are Untimely

Here, the California Supreme Court denied review on January 27, 2021. (Doc. No. 21-24). Thus, direct review concluded on June 26, 2021, when the period for seeking review in the United States Supreme Court expired. *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); U.S. Sup. Ct. R. 13.[4] For the purposes of § 2244(d)(1)(A), AEDPA's one-year statute of limitations began running the next day on Monday, June 28, 2021.[5] Thus, Petitioner had until Monday, June 27, 2022 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period). Petitioner his motion to stay on October 11, 2024, more than 2 years past the one-year limitations period. Therefore, absent any equitable statutory tolling, the claims Petitioner seeks to exhaust are clearly time-barred.

Petitioner makes no argument as to any applicable tolling, and Respondent confirms that while Petitioner has filed previous state habeas petitions, those actions do not extend the limitation period. (Doc. No. 29 at 2-3 (citing Doc. No. 30-2 (denying petition filed before the commencement of the limitation period for lack of jurisdiction), Doc. No. 30-4 (denying petition filed before the commencement of the limitation period), Doc. No. 30-6 (denying petition filed during the limitation period as untimely), Doc. No. 30-8 (denying petition filed on August 9, 2024, after the limitation period expired, for failure to exhaust), Doc. No. 30-10 (denying petition filed on August 13, 2024, after the limitation period expired, for failure to exhaust and noting

---

[4] As noted by Respondent, from December 20, 2019 through July 18, 2021, petitioners had 150 days to seek certiorari. (Doc. No. 29 at 2 n.2).

[5] Because June 27, 2021 was a Sunday, the Court restarts AEDPA's clock on the next business day, Monday, June 28, 2021.

claims were likely duplicative)).  Because any new claims would now be time-barred under AEDPA's limitations period, Petitioner must show that the new claims relate back to the grounds raised in his Petition.

### **Whether Claims Relate Back**

As an initial matter, the Court is unable to determine the precise nature of the new claims Petitioner seeks to exhaust and add to his Petition.  Petitioner references an attached "Exhibit A," identified as a state petition for writ of habeas corpus, that "involves identical issues to those involved in this action, and new claims relating to this action," and Petitioner indicates this action is pending in the Merced County Superior Court.  (Doc. No. 28 at 2).  However, as noted above, there is no state habeas petition attached to the instant Motion or separately filed on the docket.  (*See* docket).  Moreover, the Court's *sua sponte* search of the Merced County Superior Court website does not indicate Petitioner has a state habeas petition pending as of the date of this Order.[6]  *See Williams v. State of California*, 2021 WL 4479153, at *1 (E.D. Cal. Sept. 30, 2021) (denying motion to stay without prejudice because "it is unclear what relief petitioner is seeking and on what grounds he is seeking relief.").

To the extent the Court can discern the nature of the new claims Petitioner seeks to raise, they do not appear to relate back to the grounds Petitioner already raised in his Petition.  Specifically, Petitioner challenges his "continued incarceration" as "unconstitutional under the Lynch Technique," argues his punishment is now to be considered as excessive punishment," and claims trial counsel "violated his 'right to be free from self-incrimination, and his due process of law.'"  (Doc. No. 28 at 4, ¶ e).  Respondent argues the Motion should be denied as futile because in addition to being untimely, the new construed claims and do not relate back to the grounds in the Petition.  (Doc. No. 29 at 1-4).

Petitioner makes no argument that his claims relate back to any of the grounds raised in

---

[6] *See* Merced County Superior Court website, https://jpportal.mercedcourt.org/MERCEDPUBLIC/Home/WorkspaceMode?p=0 (last visited November 14, 2024).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also Pacheco v. Diaz*, 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system).

his Petition. No does the Court discern how any new claims asserted by Petitioner relate back to those he has properly exhausted. *See Mayle*, 545 U.S. at 664. The Petition raises five claims of error by the trial court and one additional claim concerning preservation of claims for appeal. A claim that trial counsel rendered ineffective assistance or that that his sentence is disproportionate does not relate back to the claims of trial court error because the "core facts" of these claims are "different in type." *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012). As noted by Respondent, these claims are "based on different participants, different legal theories, and occurred at different times." (Doc. No. 29 at 4). Thus, the proposed unexhausted claims do not relate back to the exhausted claims in the original Petition. *See, e.g., Parker v. Johnson*, 2023 WL 2558547, at *9 (C.D. Cal. Jan. 13, 2023) (finding ineffective assistance of counsel claim did not relate back to confrontation clause claim as they did not share a common core of operative facts).

Because the new claims Petitioner seeks to add to his Petition are untimely and do not relate back to the exhausted claims in the original Petition, the undersigned recommends the motion to stay under *Kelly* be denied as futile. *See Ward v. Peery*, 2023 WL 3750303, at *6 (E.D. Cal. June 1, 2023) (collecting cases denying *Kelly* stay as futile where unexhausted claims were untimely and did not relate back to exhausted claims).

**Motion to Voluntarily Dismiss**

Petitioner filed a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), presumably in reply to Respondent's opposition to the motion to stay. (Doc. No. 31). A court should grant a Rule 41(a)(2) motion for voluntary dismissal unless the defendant shows it will suffer some plain legal prejudice as a result. *See Waller v. Fin. Corp. of Am.,* 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). Whether to grant a voluntary dismissal under Rule 41(a)(2) is "addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 96 (9th Cir. 1996). As of the date of these Findings and Recommendations, Respondent has not filed a response to the Rule 41(a)(2) motion.

Petitioner seeks a dismissal of the Petition without prejudice arguing that no prejudice can be shown to Respondent. (*See generally* Doc. No. 31). Petitioner is cautioned that while he is seeking a dismissal without prejudice, any future federal habeas petition would likely be time-barred under AEDPA for the same reasons discussed above. *See Tatum v. Lewis*, 184 F. App'x 646, 647 (9th Cir. 2006). Petitioner is free to proceed with voluntary dismissal of the Petition having been warned, or he may withdraw his motion to voluntarily dismiss the Petition in his objections to this order.

Accordingly, it is **RECOMMENDED**:

1. Petitioner's Motion to Stay (Doc. No. 28) be DENIED.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 15, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

7