1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  LONNIE LEE POSLOF, JR.,                   )   Case No.: 1:21-cv-0339 JLT HBK (HC)
                                              )
12              Petitioner,                   )   ORDER ADOPTING THE FINDINGS AND
                                              )   RECOMMENDATIONS AND DENYING
13      v.                                    )   PETITIONER'S MOTION FOR STAY AND
                                              )   ABEYANCE
14  M. ATTCHLEY, Warden,                      )
                                              )   (Docs. 28, 32)
15              Respondent.                   )
                                              )
16  _____ )

17          Lonnie Lee Poslof, Jr., a state prisoner, is proceeding pro se with a petition for writ of

18  habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Petitioner seeks stay of "all proceedings

19  in this action" under the doctrine articulated in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003),

20  asserting there is an action pending in Merced County Superior Court involving "identical issues

21  to those involved in this action."  (Doc. 28 at 1-2.)  The matter was referred to a United States

22  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

23          The assigned magistrate judge observed that Petitioner initiated this action with the filing

24  of his complaint on February 5, 2021; Respondent filed an answer on July 2, 2021; and Petitioner

25  filed his traverse on July 2, 2021.  (Doc. 32 at 2.)  Thus, the magistrate judge noted the matter was

26  fully briefed, and Petitioner did not seek a stay for "more than three years" in the action.  (*Id.*)

27  The magistrate judge found "Petitioner seeks to add new grounds" to his Petition, which "is not a

28  mixed petition" because all claims alleged in it were exhausted.  (*Id.* at 2-3.)  To the extent

                                              1

1   Petitioner relied upon the abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 44 (1971) and

2   the *Rooker-Feldman* doctrine to support his request for a stay, the magistrate judge found the

3   doctrines were inapplicable because Petitioner's conviction is final and "the *Rooker-Feldman*

4   doctrine is inapplicable to cases seeking habeas corpus relief." (*Id.* at 3-4, citation omitted.)

5   Further, the magistrate judge found "any new claims would now be time-barred under AEDPA's

6   limitations period," and Petitioner failed to identify any new claims that related back to the

7   exhausted claims in the Petition pending before the Court. (*Id.* at 4-6.) Therefore, the magistrate

8   judge recommended the motion to stay under *Kelly* be denied. (*Id.* at 6.)

9   Petitioner filed objections to the Findings and Recommendations, generally arguing that

10  the new claims he seeks to exhaust relate back to the grounds already raised in his Petition

11  regarding "the trial court's error of admitting [an] unauthenticated letter." (Doc. 35 at 2.)

12  Petitioner also references a "mixed" state habeas petition filed on September 24, 2023 "with some

13  new evidence claims as well as old but not properly argued by his [appellate] counsel." (*Id.*)

14  However, as determined by the magistrate judge, any new claims Petitioner seeks to exhaust are

15  time-barred absent any applicable statutory or equitable tolling. (Doc. 32 at 4-5.) Petitioner does

16  not make any argument as to any applicable tolling that would extend the long-since expired

17  limitations period, nor does Petitioner specifically identify the new claims he seeks to exhaust for

18  the Court to determine whether they relate back to the grounds for relief in his Petition. Finally,

19  as determined by the magistrate judge, to the extent the Court can discern the new claims

20  Petitioner wishes to exhaust, they do not relate back to the exhausted claims. (*Id.* at 6.)

21  According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

22  Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the

23  Findings and Recommendations are supported by the record and proper analysis.

24  Having found Petitioner is not entitled to the relief requested, the Court must determine

25  whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus

26  has no absolute entitlement to appeal a district court's denial, and an appeal is only allowed in

27  certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.

28  Generally, the court may only issue a certificate of appealability "if jurists of reason could

2

disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.  The Court finds that reasonable jurists would not find the determination that the stay be denied debatable or wrong, or that issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 15, 2024, (Doc. 32), are **ADOPTED** in full.

2. Petitioner's motion to stay (Doc. 28) is **DENIED**.

3. The habeas action **SHALL** proceed on the claims raised in the Petition.

4. The matter is referred to the magistrate judge for further proceedings.

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   __**December 22, 2024**__

UNITED STATES DISTRICT JUDGE