1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   LONNIE LEE POSLOF, JR.,                  )   Case No.:  1:21-cv-0339 JLT HBK (HC)
                                              )
12              Petitioner,                   )   ORDER ADOPTING THE FINDINGS AND
                                              )   RECOMMENDATIONS, DENYING PETITION
13       v.                                   )   FOR WRIT OF HABEAS CORPUS,
                                              )   DIRECTING CLERK OF COURT TO CLOSE
14   M. ATTCHLEY,                             )   CASE, AND DECLINING TO ISSUE
                                              )   CERTIFICATE OF APPEALABILITY
15              Respondent.                   )
                                              )   (Docs. 1, 39)
16   _____ )

17        Lonnie Lee Poslof, Jr. is a state prisoner proceeding *pro se* with a petition for writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his convictions in Merced

19   County Superior Court, Case No. CRM028634 on the following grounds: (1) violation of his

20   sixth amendment right to confront and cross-examine the child victim, (2) violation of his

21   fourteenth amendment due process rights, (3) error by the trial court in admitting the child-

22   victim's statements, (4) error by the trial court in admitting evidence of a plot to commit arson

23   and murder witnesses, (5) error by the court in its imposition of restitution, (6) split of authority

24   regarding preservation of a claim, and (6) prejudice due to Petitioner's absence from the

25   restitution hearing.  (*See generally* Doc. 1.)

26        The magistrate judge found Petitioner was not entitled to relief on the grounds raised.

27   (Doc. 39.)  The magistrate judge determined that the state court's conclusions related to Grounds

28   One, Two, Three, and Four were "not contrary to, or an unreasonable application of, clearly

                                              1

1   established federal law, nor … based on an unreasonable determination of the facts in light of the

2   evidence presented in the state court proceeding." (*Id.* at 19; *see also id.* at 20, 26-27, 30.) In

3   addition, the magistrate judge found Grounds Five, Six, and Seven "are not cognizable on habeas

4   review," because they do "not affect the duration of Petitioner's confinement." (*Id.* at 31-32.)

5   Finally, the magistrate judge recommended the Court deny a certificate of appealability, because

6   Petitioner did not make "a substantial showing of the denial of a constitutional right." (*Id.* at 32.)

7       On March 13, 2025, Petitioner filed a document entitled "Notice of Appeal; and,

8   Application for Hearing Requesting a Certificate of Appealability and Objections to Magistrate's

9   Recommendations and Findings for Denial of Habeas Corpus." (Doc. 42.) The Court processed

10  the appeal to the Ninth Circuit, which dismissed the appeal for lack of jurisdiction—explaining

11  the Findings and Recommendations were "not final or appealable"— on March 27, 2025. (Doc.

12  45.) Days after the Ninth Circuit issued its mandate, Petitioner filed a second appeal and request

13  for a certificate of appealability. (Doc. 47.) Again, the Ninth Circuit found that it lacked

14  jurisdiction and dismissed the appeal on May 22, 2025. (Doc. 51.) The Court issued its mandate

15  on June 13, 2025. (Doc. 52.)

16      In the objections filed concurrently with the notice of appeal, Petitioner did not address

17  any of the specific findings made by the magistrate judge related to the grounds raised in his

18  petition. (*See generally* Doc. 42.) Petitioner focuses his argument on whether a certificate of

19  appealability should be issued and—in support of this assertion—Petitioner restates arguments

20  related to the alleged violation of his right to due process and to a fair trial, and the admission of

21  evidence in violation of the Confrontation Clause of the Sixth Amendment. (*Id.* at 5-8.)

22      It also appears that Petitioner raises a general objection to the findings of the magistrate

23  judge. (*See* Doc. 42 at 1.) However, objections to any findings and recommendations must be

24  "specific." Fed. R. Civ. P. 72(b)(2); *see also Howard v. Sec'y of Health & Human Servs.*, 932

25  F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has

26  the same effects as would a failure to object"); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir.

27  1988) (general objections do not preserve arguments for appellate review and stating that "[a]

28  district judge should not have to guess what arguments an objecting party depends on when

2

1  reviewing a magistrate judge's report").  Thus, Petitioner's general objection to the findings of

2  the magistrate judge is insufficient.

3       Petitioner's argument that the magistrate judge erred in recommending the court decline to

4  issue a certificate of appealability is unavailing.  An appeal is only permitted in certain

5  circumstances, and a petitioner seeking a writ of habeas corpus has no absolute entitlement to

6  appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  If the Court denies

7  a habeas petition on the merits, it may only issue a certificate of appealability "if jurists of reason

8  could disagree with the district court's resolution of [the petitioner's] constitutional claims or that

9  jurists could conclude the issues presented are adequate to deserve encouragement to proceed

10 further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Though

11 Petitioner is not required to prove the merits of his case, he must demonstrate "something more

12 than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537

13 U.S. at 338.  Reasonable jurists would not find the Court's determination that the petition should

14 be denied debatable or wrong, or that the issues presented are deserving of encouragement to

15 proceed further.  Further, Petitioner did not make the required substantial showing of the denial of

16 a constitutional right.

17       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

18 Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

19 are supported by the record and proper analysis.

20       On April 30, 2025, after the magistrate judge issued the Findings and Recommendations,

21 Petitioner filed a second petition.  The Court construed this as a motion to amend the petition

22 pursuant to *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008).  (*See* Case No. 1:25-0505-SKO,

23 Doc. 5 at 1.)  Thus, Petitioner seeks leave to amend more than four years after he filed the

24 traverse in this action, and only *after* the magistrate judge issued a recommendation regarding the

25 denial of his petition.  The Court reviewed the proposed petition and finds there is no good cause

26 for permitting the amendment.  *See* Fed. R. Civ. P. 81(a)(2) (Federal Rules of Civil Procedure are

27 "appliable to habeas corpus proceedings"); Rule 11 of the Rules Governing 2254 Cases; *see also*

28 Fed. R. Civ. P. 15 (governing amendments of pleadings).  Accordingly, leave to amend will not

be permitted.[1]  Based upon the foregoing, the Court **ORDERS**:

      1.    The Findings and Recommendations issued on February 21, 2025 (Doc. 39) are **ADOPTED** in full.

      2.    The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

      3.    Petitioner's motion to amend the petition (Doc. 50) is **DENIED**.

      4.    The Court declines to issue a certificate of appealability.

      5.    The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

    Dated:   **June 18, 2025**

                                          UNITED STATES DISTRICT JUDGE

---

[1] To the extent that the petition may be construed as a successive petition, Petitioner is informed that he must seek leave from the Ninth Circuit to file any such second or successive petition.  Unless the Court of Appeals grants leave, the district court lacks jurisdiction over a successive petition.  *Burton v. Stewart*, 549 U.S. 147, 157 (2007).